**Marion REYNOLDS, Plaintiff,**

v.

**Theodore C. BRADLEY and Jeffrey W. Paul, Defendants.**

**Theodore C. BRADLEY and Jeffrey W. Paul, Third-Party Plaintiffs,**

v.

**Craig BRADLEY and Ann Bradley, Third-Party Defendants.**

**No. 84–CV–457.**

United States District Court, N.D. New York.

Feb. 18, 1986.

Bogart and Associates, Syracuse, N.Y., for plaintiff; William H. Bogart, of counsel.

Joseph D. Caldwell, New Hartford, N.Y., for defendants and third-party plaintiffs.

MacKenzie, Smith, Lewis, Mitchell & Hughes, Syracuse, N.Y., for third-party defendants; Jay Wason, of· counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

On May 22, 1983, plaintiff Marion Reynolds was seriously injured when the pleasure boat in which she was riding on Skaneateles Lake struck a cement dock owned by third-party defendants Craig and Ann Bradley. At the time of the accident, defendant Theodore C. Bradley, the son of Craig and Ann Bradley, was operating the boat. Defendant Jeffrey W. Paul, the owner of the boat, was a passenger.

The plaintiff commenced this action on March 29, 1984, alleging, *inter alia*, that defendant Bradley had negligently operated the boat and that defendant Paul had negligently permitted Bradley to operate the boat despite the fact that Bradley was intoxicated.[1] The plaintiff claims that this court has admiralty jurisdiction over this action by virtue of 28 U.S.C. § 1333(1) (1982)[2] and 46 U.S.C. § 740 (1982).[3] In

---

1. Soon thereafter, the defendants filed a third-party action against defendant Bradley's parents alleging that they negligently installed and maintained the dock which the boat struck and that they permitted Bradley, Paul and the plaintiff to leave a wedding reception at their residence on the night of the accident despite the fact that they were intoxicated.

2. That section provides:

The district courts shall have original jurisdiction, exclusive of the courts of the states, of:

(1) Any civil case of admiralty or maritime jurisdiction....

28 U.S.C. § 1333(1) (1982).

3. That section provides:

The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or

**44**

their answer, the defendants assert that this court lacks subject matter jurisdiction over this action. In order to resolve this issue, the plaintiff, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, brought the motion presently before the court to strike the defendants' affirmative defenses calling into question this court's power to hear this case. For the reasons set out below, the court holds that it does not have subject matter jurisdiction over this action.

■ In order to establish admiralty jurisdiction, the plaintiff must demonstrate that the alleged injury occurred upon navigable waters and that the acts complained of bear a significant relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); *Kelly v. United States,* 531 F.2d 1144, 1146 (2d Cir.1976); *Sawczyk v. United States Coast Guard,* 499 F.Supp. 1034, 1037–38 (W.D.N.Y.1980). In this case, the basis of the action, *i.e.,* the collision of a pleasure boat with a cement dock, clearly bears a significant relationship to traditional maritime activity. *See Foremost Insurance Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1981) (collision of two pleasure craft on navigable waters was within federal admiralty jurisdiction); *Finneseth v. Carter,* 712 F.2d 1041 (6th Cir. 1983) (collision of two pleasure craft on navigable waters was within federal admiralty jurisdiction); *Richards v. Blake Builders Supply Inc.,* 528 F.2d 745 (4th Cir.1975) (collision of pleasure craft with bank of navigable river was within federal admiralty jurisdiction); *St. Hilaire Moye v. Henderson,* 496 F.2d 973, 976–79 (8th Cir.), *cert. denied,* 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974) (action alleging negligent operation of pleasure craft on navigable waters was within federal admiralty jurisdiction); *Hartman v. United States,* 522 F.Supp. 114 (D.S.C.1981) (collision of pleasure craft with abandoned bridge piling

property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land....

on navigable waters was within federal admiralty jurisdiction). The plaintiff, however, has failed to sustain her burden of establishing that Skaneateles Lake is a navigable water of the United States for purposes of admiralty jurisdiction. *See Quick v. Hansen,* 1975 Am.Mar.Cases 791 (9th Cir.1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975).

■ The plaintiff has submitted an impressive amount of historical information which she contends establishes that Skaneateles Lake was once a part of the Erie Canal system and, as such, was a navigable water of the United States. In this regard, the plaintiff contends that a body of water that was once navigable retains that character *ad infinitum.* This court declines to adopt such a broad definition of navigability.

In *The Daniel Ball,* 77 U.S. (10 Wall.) 557, 563, 19 L.Ed. 999 (1870), the Supreme Court set forth the following definition of "navigability" for purposes of establishing admiralty jurisdiction:

> Those rivers must be regarded as public navigable rivers in law which are navigable in fact. And they are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water. And they constitute navigable waters of the United States within the meaning of the acts of Congress, in contradistinction from the navigable waters of the States, when they form in their ordinary condition by themselves, or by uniting with other waters, a continued highway over which commerce is or may be carried on with other States or foreign countries in the customary modes in which such commerce is conducted by water.

Similarly, in *The Montello,* 87 U.S. (20 Wall.) 430, 22 L.Ed. 391 (1874), the Supreme Court again stated:

46 U.S.C. § 740 (1982).

[T]he true test of the navigability of a stream does not depend on the mode by which commerce is, or may be, conducted, nor the difficulties attending navigation.... The capability of use by the public for purposes of transportation and commerce affords the true criterion of the navigability of a river, rather than the extent and manner of that use....

*Id.* at 441. Subsequent decisions, including several recent Court of Appeals opinions, have reaffirmed the requirement that a body of water be presently supporting or capable of supporting interstate trade or travel at the time of the alleged wrongful acts in order to sustain admiralty jurisdiction. *See, e.g., Finneseth v. Carter,* 712 F.2d at 1044.

■ The plaintiff herein has failed to establish that Skaneateles Lake, at this time, is anything more than a landlocked body of water located entirely within the state of New York. The lake is dammed at the north end and the waters flowing to the Erie Barge Canal, the only means of reaching interstate waters, are incapable of sustaining travel by boats of any size. Indeed, the plaintiff has presented no evidence that any boats leave, or are able to leave, the lake's boundaries.

■ The only evidence of navigability submitted by the plaintiff is an administrative determination by the United States Army Corps of Engineers that Skaneateles Lake is a navigable water of the United States within the meaning of 33 C.F.R. § 329.4 (1985).[4] While such determinations are entitled to some weight, *see, e.g., Sawczyk,* 499 F.Supp. at 1039, "conclusive determinations of navigability can be made only by Federal Courts...." 33 C.F.R. § 329.14(a) (1985). Moreover, administrative or regulatory definitions of navigability serve an entirely different purpose than judicial definitions of navigability. In this regard, the Supreme Court has cautioned that determinations of navigability must be viewed in light of " 'the *purpose* for which the concept of navigability was invoked in a particular case.' " *Kaiser Aetna v. United States,* 444 U.S. 164, 171, 100 S.Ct. 383, 388, 62 L.Ed.2d 332 (1979) (quoting with approval from the district court opinion, 408 F.Supp. 42, 49 (D.C.Haw.) (emphasis in original)). *See also Livingston v. United States,* 627 F.2d 165, 169 (8th Cir.1980), *cert. denied,* 450 U.S. 914, 101 S.Ct. 1354, 67 L.Ed.2d 338 (1981). Administrative determinations of navigability delineate the scope of various forms of regulatory authority over a body of water, not the scope of the judicial power to entertain litigation arising from incidents on a body of water. Accordingly, this court declines the plaintiff's invitation to give conclusive weight to the Army Corps of Engineers' determination in the absence of some evidence that Skaneateles Lake, at this time, is part of a continuous waterway over which interstate commerce may be conducted. Such evidence is entirely absent in this case.

On the basis of the foregoing, this court concludes that it lacks subject matter jurisdiction over the instant action. The plaintiff's motion to strike is therefore denied and this action is hereby dismissed.

IT IS SO ORDERED.

---

**4.** That regulation provides:

Navigable waters of the United States are those waters that are subject to the ebb and flow of the tide and/or are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commerce. A determination of navigability, once made, applies laterally over the entire surface of the waterbody, and is not extinguished by later actions or events which impede or destroy navigable capacity....

33 C.F.R. § 329.4 (1985).